**Robert HILL**

v.

**The CITY OF PHILADELPHIA, Department of Streets et al.**

**Civ. A. No. 79–1576.**

United States District Court, E. D. Pennsylvania.

Feb. 5, 1980.

Dennis G. Fenerty, Philadelphia, Pa., for plaintiff.

Tyler E. Wren, Senior Asst. City Sol., Philadelphia, Pa., for defendants.

### MEMORANDUM AND ORDER

HUYETT, District Judge.

Both plaintiff and defendants have moved for summary judgment pursuant to

Fed.R.Civ.P. 56. Both motions must be denied, however, because there remain genuine issues of material fact despite the extensive stipulation of facts submitted by the parties.

■ Plaintiff claims that his dismissal without a hearing violates his right to due process. In this regard, I note initially that it appears that plaintiff had a property right in his job with the City of Philadelphia Department of Streets. *Bishop v. Wood*, 426 U.S. 341, 96 S.Ct. 2074, 48 L.Ed.2d 684 (1976); *Scott v. Philadelphia Parking Authority*, 402 Pa. 151, 156, 166 A.2d 278 (1960). That right is not a guarantee of continuing employment, however, but rather conditions plaintiff's termination upon compliance with such practices and procedures as state law and policy dictate. *Bishop v. Wood*, 426 U.S. at 345, 96 S.Ct. at 2077. Defendant argues, and plaintiff admits, that plaintiff's due process rights with regard to his termination for abandonment of position were not violated. This does not end the inquiry, however, because plaintiff argues that his due process rights were violated in that his status was changed from "voluntary leave of absence" to "abandonment of position" without a hearing. He claims a property right to continued employment throughout the period of his leave of absence, noting that Civil Service Regulation § 22.04 states: "At the expiration of a leave of absence without pay, an employee reporting for duty *shall thereupon be returned* to the position filled by him when such leave was granted." (emphasis added). This statement, plaintiff argues, amounts to an assurance under state law that the employee has a right to his job throughout the period of his leave. If the above-quoted section does indeed constitute such an assurance under state law, then plaintiff was entitled to procedural due process protections before being reclassified from "voluntary leave of absence" to "abandonment of postition." [1] That, however, is the precise question I am unable to answer on. the current record. "To have a property inter-

est in a benefit, a person clearly must have more than an abstract need or desire for it. He must have more than a unilateral expectation of it. He must, instead, have a legitimate claim of entitlement to it." *Bd. of Regents v. Roth*, 408 U.S. 564, 577, 92 S.Ct. 2701, 2709, 33 L.Ed.2d 548 (1972). The legitimacy of such claims "stem[s] from an independent source such as state law—rules or understandings that secure certain benefits and that support claims of entitlement to those benefits." *Id.* The "policies and practices of the institution" can legitimize an expectation of entitlement to a benefit, thus raising it to the level of a constitutionally cognizable property interest. *Perry v. Sindermann*, 408 U.S. 593, 603, 92 S.Ct. 2694, 2700, 33 L.Ed.2d 570 (1972). "Pursuant to *Roth,* we must determine whether *existing policies, 'rules and understandings'* of the [employer in question] created an entitlement to continued employment . . .." *Roane v. Callisburg Independent School District,* 511 F.2d 633, 638 (5th Cir. 1975) (emphasis added). Thus it is clear that plaintiff's reading of § 22.04 of the Civil Service Regulation is not alone sufficient to create a constitutionally cognizable property interest in continued employment during the duration of a leave of absence. The policies, practices, rules and understandings of the City of Philadelphia Department of Streets concerning that issue must support such an interpretation of the statute before I can recognize such an interest. The stipulation of facts submitted by the parties does not address this issue; nor is there any evidence of record speaking to that question. Thus there remains a genuine issue as to whether plaintiff has a constitutionally cognizable property interest in continuing employment during the duration of his leave of absence, rendering summary judgment inappropriate at this time. Fed.R. Civ.P. 56(c).

■ Plaintiff argues also that he was denied equal protection of the laws in that he was reclassified because he was incarcer-

---

1. Plaintiff's leave of absence extended from January 14, 1978 to April 14, 1978. However,    he was reclassified on March 27, 1978, before his leave expired.

ated during this leave of absence, while others who obtain the same kind of leave as he obtained, but on grounds other than incarceration, are not reclassified. Thus plaintiff contends that a classification has been established which is not rationally related to the objectives of the statute, thus violating the equal protection guarantee. In essence, plaintiff feels that his former employer has divided its employees into two groups, those who obtain medical leaves of absence to cover themselves while incarcerated, and those who obtain such leaves for other reasons. While the stipulation of facts notes that plaintiff's reclassification resulted from a determination that plaintiff's leave had been fraudulently procured, no indication is given of the treatment afforded other employees who are considered to have obtained leaves fraudulently for other reasons. Thus I am currently unable to determine whether the classification plaintiff claims has indeed been created, and thus cannot rule on the merits of his equal protection argument. *See Morey v. Doud*, 354 U.S. 457, 77 S.Ct. 1344, 1 L.Ed.2d 1485 (1975). Thus summary judgment is inappropriate as to this issue as well.[2]

For these reasons, both motions for summary judgment are denied.

---

**2.** Needless to say, this renders determination of the propriety of exercising pendent jurisdiction over plaintiff's state law claims premature.